UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

RAY M. HARRISON,

    Plaintiff,                                          Case No. 5:09-cv-12666

v                                                 Hon. John Corbett O'Meara

COMMERCIAL BANK,

    Defendant.

Richard H. Ebbott (P13085)
Morrissey, Bove & Ebbott
Attorneys for Plaintiff
221 W. 5th Street
Flint, MI 48502
810-238-0455
810-238-0458 (fax)
mbebbott@sbcglobal.net

Michael T. Harrison (CA 158983)
Law Offices of Michael T. Harrison
Co-Counsel for Plaintiff
25876 The Old Road, Suite 304
Stevenson Ranch, CA 91381
661-257-2854
661-257-3068 (fax)
mharrison30@aol.com

Scott A. Chernich (P48893)
Deanna Swisher (P38341)
Foster, Swift, Collins & Smith, P.C.
Attorneys for Defendant
313 S. Washington Square
Lansing, MI 48933
517-371-8136
517-371-8200 (fax)
dswisher@fosterswift.com

**ANSWER AND AFFIRMATIVE DEFENSES**

## **ANSWER**

Defendant Commercial Bank ("Defendant"), through its counsel, Foster, Swift, Collins & Smith, P.C., answers and defends the Class Action Complaint ("Complaint") filed by Plaintiff Ray M. Harrison ("Plaintiff") by stating as follows:

1.     Defendant denies that it has violated the Electronic Fund Transfer Act, 15 U.S.C. §1693 et seq. or any implementing regulation (collectively referred to as the "EFTA") for the

reason that these allegations are untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 1 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

  2. To the extent that paragraph 2 of the Complaint purports to restate 15 U.S.C. §1693(a) and (b), but fails to accurately and completely restate the same, Defendant denies paragraph 2 of the Complaint. Defendant need not respond to conclusions or assertions of law.

  3. Defendant need not respond to conclusions or assertions of law.

  4. Defendant need not respond to conclusions or assertions of law.

  5. To the extent that paragraph 5 of the Complaint purports to restate 15 U.S.C. §1693(d)(3)(B), but fails to accurately and completely restate the same, Defendant denies paragraph 5 of the Complaint. Defendant need not respond to conclusions or assertions of law.

  6. To the extent that paragraph 6 of the Complaint purports to restate 12 C.F.R. §205.16(c), but fails to accurately and completely restate the same, Defendant denies paragraph 6 of the Complaint. Defendant need not respond to conclusions or assertions of law.

  7. Defendant need not respond to conclusions or assertions of law.

  8. To the extent that paragraph 8 of the Complaint purports to restate 15 U.S.C. §1693b(d)(3)(C), but fails to accurately and completely restate the same, Defendant denies paragraph 8 of the Complaint. Defendant need not respond to legal conclusions or assertions.

  9. Defendant need not respond to conclusions or assertions of law.

  10. Defendant admits that it conducts business within this judicial district at locations where ATMs are located. Defendant need not respond to conclusions or assertions of law.

  11. Defendant need not respond to conclusions or assertions of law. Defendant denies the allegation that it committed any omission and denies the implication that it acted in a

—Foster, Swift, Collins & Smith, P.C./Attorneys At Law—

manner giving rise to any claim under 28 U.S.C. §§1391 or 1400 for the reason that this allegation and this implication are untrue.

12. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 12 of the Complaint, and neither admits nor denies the same.

13. Defendant admits that it has a place of business is at 101 N. Pine River Street, Ithaca, Michigan. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 13 of the Complaint, and neither admits nor denies the same.

14. Defendant need not respond to conclusions or assertions of law.

15. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 15 of the Complaint, and neither admits nor denies the same.

16. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 16 of the Complaint, and neither admits nor denies the same.

17. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 17 of the Complaint, and neither admits nor denies the same.

18. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 18 of the Complaint, and neither admits nor denies the same.

19. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 19 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

20. Defendant denies the implication that Plaintiff is informed and believes that there are persons who are "similarly situated" to Plaintiff for the reason that this implication is untrue. Defendant need not respond to conclusions or assertions of law.

21. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations stated in paragraph 21 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

22. Defendant denies that the putative class is "so numerous" that joinder would be impractical for the reason that this allegation is untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 22 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

23. Defendant denies that "there are at a minimum, thousands of members" of the putative class for the reason that Defendant believes this allegation to be untrue.

24. Defendant denies that the exact number of individuals who were charged a terminal owner fee at the ATM identified in the Complaint is ascertainable only through Defendant's records for the reason that this allegation is untrue. Defendant admits that the number of persons, and upon information and belief the identity of those persons, are ascertainable. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 24 of the Complaint, and neither admits nor denies the same.

25.   Defendant denies that notification by publication or any other form of non-specific notification would be a suitable means of notifying members of the putative class where Plaintiff has filed 19 class actions in the State of Michigan and duplicative, non-specific notifications would confuse, and not properly notify, the putative members. Defendant need not respond to conclusions or assertions of law.

26.   Defendant denies that Plaintiff's "claims are typical" to the putative class members and denies that his claims arise from the same conduct where Plaintiff has sought out ATM machines that Plaintiff believed lacked a notice required by law and made transactions on said machines for the reason that Plaintiff believed that the ATMs lacked a notice required by law. Defendant denies the allegation or implication that it engaged in unlawful and willful conduct for the reason that this allegation or implication is untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 26 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

27.   Defendant denies the implication that Plaintiff was a "consumer" as envisioned or defined by the EFTA where Plaintiff sought out ATMs that, in Plaintiff's estimation, lacked notification required by law and proceeded to make transactions for the purpose of bringing litigation. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 27 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

28.   Defendant denies that there is a "well-defined community of interest" or "common questions of fact" where Plaintiff is unlike the members of the putative class for the reasons stated in Defendant's answers to paragraphs 27 and 28 of the Complaint. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations stated in paragraph 28 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

29.     Defendant need not respond to conclusions or assertions of law.

30.     Defendant denies that Plaintiff would be a "adequate representative" of the putative class and denies that his "interest do not conflict with the interests of the members of the class" for the reason that these allegations are untrue. Defendant denies that Plaintiff will "vigorously represent and protect the interests" of the putative class members where Plaintiff's actions to date have been contrary to those interests and, instead, are self-serving. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 30 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

31.     Defendant denies that a class action is superior to other available means for the adjudication of the claims of the putative class where persons who have been charged a fee at any ATM found to be lacking any notice required by law could be identified, notified, and choose to take action on their own behalf. Defendant denies that aggregate damages would be "substantial," in any event, for the reason that this allegation is untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 31 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

32.     Defendant need not respond to conclusions or assertions of law.

33.     To the extent that paragraph 33 of the Complaint purports to restate 15 U.S.C. §1693(d), but fails to accurately and completely restate the same, Defendant denies paragraph 33 of the Complaint. Defendant need not respond to conclusions or assertions of law.

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

34. To the extent that paragraph 34 of the Complaint purports to restate 15 U.S.C. §1693(d), but fails to accurately and completely restate the same, Defendant denies paragraph 34 of the Complaint. Defendant need not respond to conclusions or assertions of law.

35. Defendant need not respond to conclusions or assertions of law.

36. Defendant denies that it violates the requirements of the EFTA for the reason that this allegation is untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 36 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

37. Defendant denies that it failed to comply with the requirements of the EFTA for the reason that this allegation is untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 37 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

38. Defendant denies that it violated 15 U.S.C. §1693 et seq. and denies that it caused any loss or damage recoverable thereunder for the reason that these allegations are untrue. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations stated in paragraph 38 of the Complaint, and neither admits nor denies the same. Defendant need not respond to conclusions or assertions of law.

39. Defendant need not respond to conclusions or assertions of law.

WHEREFORE, Defendant Commercial Bank requests that the Court:

A. Deny Plaintiff's request for an order certifying a class;

B. Deny Plaintiff's request for an order appointing Plaintiff as a representative of the class and appointing counsel for the class;

C.      Dismiss this action or enter a judgment in favor of Defendant Commercial Bank and against Plaintiff and the members of any putative class; and

D.      Grant Defendant Commercial Bank such other and additional relief as this Court deems just and equitable.

Dated: July 31, 2009

Respectfully submitted,

FOSTER, SWIFT, COLLINS & SMITH, P.C.

By:   /s/ Deanna Swisher
     Deanna Swisher (P38341)
313 S. Washington Square
Lansing, MI 48933
517-371-8136
dswisher@fosterswift.com

## **AFFIRMATIVE DEFENSES**

In defense of this action, Defendant Commercial Bank states as follows:

1.      Plaintiff cannot state a viable claim against Defendant.

2.      Pursuant to 15 USC §1693m(c), Defendant is not liable for any alleged violation of the EFTA where any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance and procedures reasonably adopted to avoid any such error.

3.      Where Defendant had posted notice in compliance with the EFTA on the ATM identified in the Complaint and where Defendant did not remove the notice, pursuant to 15 USC §1693h(d), Defendant may not be held liable for failure to comply with §1693b(d)(3)(B)(i) where said notice was subsequently removed by a person who was not an agent or employee of Defendant.

4.      Plaintiff has failed to name a necessary party.

5.      The alleged violation was not persistent and was not intentional.

6. Defendant cannot be held liable for violation of the EFTA if it corrects the alleged, resulting error in accord with 15 USC §1693f(b).

7. The exact size of the putative class is ascertainable and is not so numerous that joinder of all the individual members in one action would be impracticable.

8. A class action is not superior to other available means for the fair and efficient adjudication of the claims of the putative class members.

9. Where Plaintiff has filed 19 actions alleging violation of 15 U.S.C. § 1693b(d)(3)(B)(i), and where Defendant is informed and believes that another person has also filed numerous actions in Michigan alleging violation of 15 U.S.C. §1693b(d)(3)(B)(i), it is likely that the individual members of the putative class would prosecute separate actions.

10. Plaintiff is not representative of and/or will not fairly and adequately protect the interests of the putative class.

Defendant Commercial Bank reserves the right to add to or modify these affirmative defenses throughout the course of this proceeding.

> Respectfully submitted,
>
> FOSTER, SWIFT, COLLINS & SMITH, P.C.

Dated: July 31, 2009

> By:   /s/ Deanna Swisher
>       Deanna Swisher (P38341)
> 313 S. Washington Square
> Lansing, MI 48933
> 517-371-8136
> dswisher@fosterswift.com

Foster, Swift, Collins & Smith, P.C./Attorneys At Law

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Richard H. Ebbott and Michael T. Harrison.

      By: /s/ Deanna Swisher
           Deanna Swisher (P38341)
      Foster, Swift, Collins & Smith, P.C.
      313 S. Washington Square
      Lansing, MI 48933
      517-371-8136
      dswisher@fosterswift.com

713015_1.DOC

Foster, Swift, Collins & Smith, P.C./Attorneys At Law